**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **APRIL JAMES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:23-cv-214** |
| | § | |
| **THE LEGACY SENIOR COMMUNITIES,** | § | |
| **INC., THE LEGACY AT HOME, INC.** | § | |
| **and  THE LEGACY AT MIDTOWN** | § | |
| **PARK,** | § | |
| | | |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff April James hereby files this, her Original Complaint, against Defendants, The Legacy Senior Communities, The Legacy at Home, and The Legacy at Midtown Park, Inc. (in their assumed or common names), for violating federal and state law.  The causes of action and summary of claims relating thereto are addressed below:

### II. PARTIES, JURISDICTION AND VENUE

1.     Plaintiff April James  ("James" or "Plaintiff") is currently a citizen and resident of Dallas, Texas.

2.     Defendant Legacy Senior Communities is a Texas corporation authorized to do business, and is doing business, in the State of Texas.  Defendant's main corporate headquarters are located 6101 Ohio Drive, Ste. 100, Plano, Texas 75024. Defendant can be served with process by and through its registered agent for service, Melissa Orth at 6101 Ohio Drive, Ste. 100, Plano, Texas 75024.

3.     Defendant The Legacy at Home, Inc. is a Texas corporation authorized to

do business, and is doing business, in the State of Texas.  Defendant's main corporate headquarters are located 6101 Ohio Drive, Ste. 100, Plano, Texas 75024.  Defendant can be served with process by and through its registered agent for service, Melissa Orth at 6101 Ohio Drive, Ste. 100, Plano, Texas 75024.

4.    Defendant The Legacy at Midpark, Inc. is a Texas corporation authorized to do business, and is doing business, in the State of Texas.  Defendant's main corporate headquarters are located at 8280 Manderville Lane, Dallas, Texas 75231.  Defendant can be served with process by and through its registered agent for service, Melissa Orth at 6101 Ohio Ste. 100, Plano, Texas 75024.

5.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1).

### III. FACTUAL BACKGROUND

6.    Defendant Legacy Senior Communities provides senior health services and care via three entities: Legacy at Willow Bend, Legacy at Midtown Park and Legacy at Home.

7.    Defendant Legacy at Midtown Park and Legacy at Willow Bend provide onsite senior care and residences.

8.    Defendant Legacy at Home provides home healthcare.

9.    Ms. James was initially hired by Defendants in 2020 to work at Legacy at Willow Bend as a Visitation Assistant.

10.    Thereafter, Ms. James was transferred to Legacy at Midtown Park.  At Legacy at Midtown Park, Ms. James provided front desk services for Legacy at Midtown Park's partner Aveo Clinic.

11.    In May of 2022, Ms. James transferred into a Personal Assistance Service Coordinator role.  Ms. James continued to work at Legacy at Midtown Park's physical

location.

12.     As a Personal Assistance Service Coordinator, Ms. James provided services for both the Legacy at Midtown Park and Legacy at Home.

13.     Ms. James is African-American.

14.     Ms. James was hired into the Personal Assistance Service Coordinator role by Jessica Haecker.

15.     Ms Haecker is the Executive Director for The Legacy at Home.

16.     After transferring into this new role, Ms. James observed that her new director supervisor, Deanne Yount, treated her differently and more harshly than her Caucasian counterpart, Debra Fitzpatrick.

17.     Ms. James' suspicions that she was being discriminated against based on her race were confirmed when a co-worker informed Ms. James that Ms. Yount had made negative comments about African-American employees, which included but were not limited to: comments about not being able to understand African-American employees and stating, "I don't understand why they are working here" (in reference to African-American employees).

18.  Another co-worker told Ms. James that she had overheard Ms. Yount refer to Ms. James as a "black bitch."

19.     On Thursday, August 11, 2022, Ms. James reported Ms. Yount's discriminatory conduct.

20. Ms. James filed her report with Renee Anderson.

21.     The Legacy Senior Communities' website identifies Ms. Anderson as the Human Resources Director for The Legacy at Willow Bend, The Legacy at Midtown Park, and The Legacy at Home.

22. In her report to Ms. Anderson, Ms. James stated: "I am writing to make a formal complaint. I feel I am working in a hostile environment and been discriminated against the color of my skin."

23.    Approximately two weeks later, on Monday, August 29, 2022, Ms. James emailed Ms. Anderson to request a status update.

24.    In her August 29, 2022 email, Ms. James also informed Ms. Anderson that she had been subject to retaliation since reporting Ms. Yount's discriminatory conduct.

25.    For example, on or about Friday August 26, 2022, Ms. Yount told Ms. James that a client had made a complaint against her based on a scheduling error.

26.    However, Ms. James later learned that this was not true; rather, Ms. Yount had manufactured the complaint.

27.    On or about Thursday, September 1, 2022, Ms. Anderson informed Ms. James that her report of race discrimination had not been substantiated.

28.    Less than two months after making her discrimination complaint, Ms. James was informed that her 'new employee' probationary period was being extend for an additional month.

29. Ms. James, however, was not a new employee and Defendants and had not previously notified Ms. James that her new role included a 90-day probation.

30. The reasons set forth in the paperwork extending Ms. James' probationary period are also demonstrably false and/or were engaged in by Ms. James' colleagues and were left unpunished.

31.    On or about November 4, 2022, less than three months after reporting race discrimination and illegal retaliation to HR, Ms. James' employment was terminated.

32. Ms. James was told that she was being terminated because "it was not going to work out," and because she purportedly had not fulfilled her probationary period.

33.    The reasons provided for Ms. James' termination are pretextual and false.

34.    In actuality, Ms. James was terminated because of her race and in retaliation for reporting illegal discrimination and retaliation.

## IV. CAUSES OF ACTION

### COUNT ONE:   RETALIATION
### (42 U.S.C. § 1981) (as amended by the Civil Rights Act of 1991)

(*Against Defendants The Legacy Senior Communities, The Legacy at Midtown Park, Inc. and The Legacy at Home, Inc.*)

35.    Plaintiff realleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

36.    42 U.S.C. § 1981 prohibits race discrimination in the making of and enforcing of contracts. This statute provides that "all persons … shall have the same right in every State and Territory to make and enforce contracts … as is enjoyed by white citizens." This includes contracts of employment.  Ms. James had a contract of employment with Defendants.

37.    Defendants subjected Ms. James to disparate treatment in the terms and conditions of her employment because of her race.

38.    Specifically, Defendants fired Ms. James because she opposed and complained about acts that she, in good faith, believed to be discriminatory.

39.    But for her protected activity, Ms. James would not have been fired when she was.

40.     Defendants' conduct was intentional, deliberate, malicious, and in a callous disregard for the rights of Ms. James.

41.     Plaintiff seeks to recover all damages to which she is entitled, including but not limited to: all lost wages and employee benefits, compensatory damages, punitive damages, pre-judgment interest, and post-judgment interest.

42.     Plaintiff requests reinstatement (or adequate front pay in lieu of reinstatement), and any additional equitable or other relief to which she may be entitled.

43.     Plaintiff also seeks recovery of her reasonable attorney's fees and court costs.

<u>COUNT TWO:   DISCRIMINATION</u>
<u> (42 U.S.C. § 1981)  (as amended by the Civil Rights Act of 1991)</u>

(*Against Defendants The Legacy Senior Communities, The Legacy at Midtown Park, Inc. and The Legacy at Home, Inc.*)

44.     Plaintiff realleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

45.     42 U.S.C. § 1981 prohibits race discrimination in the making of and enforcing of contracts. This statute provides that "all persons … shall have the same right in every State and Territory to make and enforce contracts … as is enjoyed by white citizens." This includes contracts of employment.  Ms. Boyd had a contract of employment with Defendants.

46.     Defendants subjected Ms. James to disparate treatment in the terms and conditions of employment because of her race.

47.     Defendants fired Ms. James because of her race.

48.     But for her race, Ms. James would not have been fired when she was.

49.     Defendants' conduct was intentional, deliberate, malicious and in a callous disregard for the rights of Ms. James.

50.     Through its conduct, Defendants deprived Ms. James of the same rights as enjoyed by white employees to the creation, performance, enjoyment and all benefits and privileges of employment with Defendants in violation of 42 U.S.C. § 1981.

51.     Plaintiff seeks to recover all damages to which she is entitled, including but not limited to: all lost wages and employee benefits, compensatory damages, punitive damages, pre-judgment interest, and post-judgment interest.

52.     Plaintiff requests reinstatement (or adequate front pay in lieu of reinstatement), and any additional equitable or other relief to which she may be entitled.

53.     Plaintiff also seeks recovery of her reasonable attorney's fees and court costs.

<u>COUNT THREE: DISCRIMINATION</u>
<u>(TITLE VII & CHAPTER 21 OF THE TEXAS LABOR CODE)</u>

*(Against Defendant The Legacy at Midtown Park, Inc.)*

54.     Plaintiff realleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

55.     On or about December 2, 2022, Ms. James filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission alleging color/race discrimination and retaliation against The Legacy at Midtown Park, Inc.

56.     Ms. James received an EEOC right-to-sue on December 19, 2022.

57.     This action is being commenced within the required time limits under Title VII and the Texas Labor Code.

58.     Plaintiff satisfied all jurisdictional prerequisites in connection with her claims under The Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et. seq,* and the Texas Commission on Human Rights Act ("TCHRA")), TEX. LABOR CODE. §§21.001 *et. seq.*

59.     Defendant is "employer" as defined by Title VII and the TCHRA.

60.     Plaintiff was an "employee" as defined by Title VII and the TCHRA.

61.     As described above, The Legacy at Midtown Park, Inc. intentionally and willfully violated Title VII and Chapter 21 of the TCHRA, by discriminating against Plaintiff because of her race and the color of her skin.

62.     This discrimination affected the terms and conditions of Plaintiff's employment, including, but not limited to, terminating Plaintiff because of her race.

63.     Defendant does not have adequate policies or procedures in place to address the discrimination and retaliation.

64. Defendant's conduct was intentional, deliberate, malicious and in a callous disregard for the rights of Ms. James.

65.      As a result of Defendant's violations, (as mentioned above), Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which can be estimated for the purpose of bringing this lawsuit.  Plaintiff has also suffered severe harm to her dignity as a person deserving of equal treatment under the law, outrage and offense, mental trauma, loss of enjoyment of life, and other losses.

66.     As a result of these willful and intentional violations of the race discrimination, Plaintiff requests that she be awarded all compensatory and punitive damages to which she is entitled, equitable and/or injunctive relief, and attorney's fees

and costs.

## COUNT FOUR: RETALIATION
### (TITLE VII & CHAPTER 21 OF THE TEXAS LABOR CODE)

*(Against Defendant The Legacy at Midtown Park, Inc.)*

67.    Plaintiff realleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

68.    On or about December 2, 2022, Ms. James filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission alleging color/race discrimination and retaliation against The Legacy at Midtown Park, Inc.

69. Ms. James received an EEOC right-to-sue on December 19, 2022.   This action is being commenced within the required time limits under Title VII and the Texas Labor Code.

70.    Plaintiff satisfied all jurisdictional prerequisites in connection with her claims under The Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et. Seq,* and the Texas Commission on Human Rights Act ("TCHRA")), TEX. LABOR CODE. §§21.001 *et. Seq.*

71.    Defendant is "employer" as defined by Title VII and the TCHRA.

72.    Plaintiff was an "employee" as defined by Title VII and the TCHRA.

73.    As described above, The Legacy at Midtown Park, Inc. intentionally and willfully violated Title VII, and Chapter 21 of the TCHRA, by retaliating against Plaintiff because of her race discrimination complaints.

74. This retaliation affected the terms and conditions of Plaintiff's employment, including, but not limited to, terminating Plaintiff because of her race discrimination

complaints.

75.    Defendant does not have adequate policies or procedures in place to address the discrimination and retaliation.

76. Defendant's conduct was intentional, deliberate, malicious and in a callous disregard for the rights of Ms. James.

77.    As a result of Defendant's violations, (as mentioned above), Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which can be estimated for the purpose of bringing this lawsuit.  Plaintiff has also suffered severe harm to her dignity as a person deserving of equal treatment under the law, outrage and offense, mental trauma, loss of enjoyment of life, and other losses.

78.    As a result of these willful and intentional violations of the retaliation, Plaintiff requests that she be awarded all compensatory and punitive damages to which she is entitled, equitable and/or injunctive relief, and attorney fees and costs.

## V.  JURY DEMAND

Plaintiff requests trial by jury on all claims.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that on final trial, Plaintiff have judgment against Defendants as follows:

a.    Judgment against Defendants for actual damages, including lost wages and benefits (both back pay and front pay), the sum to be determined at time of trial;

b.    Judgment against Defendants for compensatory damages in the maximum amount allowed by law;

c.    Judgment against Defendants for punitive damages in the maximum amount allowed under law;

d.        An order that Defendants take such other and further actions as may be necessary to redress Defendant's violation of the Title VII, Texas Labor Code and 42 U.S.C. §1981;

e.        Pre-judgment and post-judgment interest at the maximum amount allowed by law;

f.        Costs of suit, including attorney's fees; and

g.        The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**TREMAIN ARTAZA PLLC**

*/s/ Cartmen Artaza*
Carmen Artaza
Texas Bar No. 24055114
Christine A. Hopkins
Texas State Bar No. 24095768

4925 Greenville, Ste. 200
Dallas, TX 75206
carmen@tremainartaza.com
christine@tremainartaza.com
Telephone:  469-573-0297
Facsimile:  214-254-4941

**ATTORNEYS FOR PLAINTIFF**